UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA WARD,

     Plaintiff,

v.                          CASE No. 8:10-CV-2640-T-17TGW

CASUAL RESTAURANT
CONCEPTS, INC., d/b/a
APPLEBEE'S,

     Defendant.

_____

ORDER

     THIS CAUSE came on for consideration upon the plaintiff's

Motion to Compel Discovery (Doc. 19) and the defendant's opposition

memorandum (Doc. 21). The plaintiff alleges that the defendant has "failed

to produce or make available all documents that were requested in Plaintiff's

Request for Production" (Doc. 19, p. 1). In particular, the plaintiff seeks

witness statements obtained by the defendant in April 2010 from Chris

Harrington, Jonathan Ruszkowski, and Heather Williams or, alternatively, the

imposition of sanctions against the defendant for the willful destruction of

this evidence (id., p. 3, ¶11). The defendant responds that it "has undertaken a diligent search, but has been unable to locate the employee statements....[and it] is simply unable to produce documents that it does not have" (Doc. 21, p. 3).

I.

This lawsuit, which asserts state tort claims and violations of Title VII and the Florida Civil Rights Act (FCRA), arises from the allegation that the assistant manager of the Applebee's restaurant where the plaintiff was employed forwarded a cellular telephone photograph of the plaintiff in her underwear to employees and a customer at the restaurant (see Doc. 1). General manager Lisa Tully testified during her deposition that she had obtained written statements from five employees in April 2010 in connection with the plaintiff's allegation, and forwarded these statements to then-area director Matthew Ellman. However, the defendant states that, despite its efforts, it has been unable to locate three of these statements, given by Chris Harrington, Heather Williams, and Jonathan Ruskowski (Doc. 21, p. 3; Doc. 21-2). Thus, Peter J. Gauvin, the defendant's vice president of human resources and the officer responsible for maintaining files concerning

employee complaints, avers that he reviewed his files, and contacted the former area director to look through his records, and that "[a]ll of the employee statements [he] ha[s] on file relating to [the plaintiff's] complaint...have been produced to" the plaintiff (Doc. 21-2, ¶¶2, 3, 5, 6). Gauvin adds that, "[t]o [his] knowledge, these employee statements were not intentionally destroyed, but apparently must have been lost or misplaced" (id., ¶7).

## II.

In this motion, the plaintiff vaguely requests the court to permit inspection of documents requested in the plaintiff's First Request for Production, to order the defendant to provide copies of all requested documents, award expenses incurred in bringing this motion, and "any other relief the Court deems appropriate (including a default or the issuance of an Order to Show Cause)" (Doc. 19, p. 4).

However, the defendant has responded to the plaintiff's document request (see id., p. 2) and avers that it has no further responsive documentation (Doc. 21-2, ¶¶2, 3, 5, 6). Further, other than the three April 2010 witness statements, which the defendant states it does not have (id., ¶5),

-3-

the plaintiff does not identify any missing documentation.   Therefore, there are no documents in the defendant's possession which are responsive to the plaintiff's document request that have not been produced. Accordingly, there are no documents for the court to compel.

Alternatively, the plaintiff argues that, if the defendant is "unable or unwilling to produce the April 2010 statements...[she] is entitled to sanctions against the Defendant for the willful destruction of evidence" (Doc. 19, p. 3).   The plaintiff, however, fails to specify an appropriate sanction (see id., p. 4 (requesting "any other relief the Court deems appropriate (including a default or the issuance of an Order to Show Cause)"), or cite to legal authority of the governing standards for such sanctions.   See Local Rule 3.01(a) (the motion shall include a "memorandum of legal authority in support of the request).[1]   Moreover, the plaintiff only offers speculation in support of the serious accusation that the defendant intentionally destroyed evidence (id., pp. 3, 5-6).

---

[1] The plaintiff's citation to Rule 37, F.R.Civ.P., regarding the failure to provide responsive documents (Doc. 19, pp. 4-5) is inapposite because the defendant does not have any additional documents to provide.   Further, willful destruction of evidence is a distinct charge of serious misconduct.

Thus, the plaintiff alleges that the court should infer the defendant's willful destruction of evidence from the absence of this evidence, and the fact that the defendant solicited witness statements following the plaintiff's filing of an EEOC charge and this lawsuit (id., pp. 3, 5). With regard to the latter allegation, the plaintiff argues that soliciting "revised" witness statements indicates the defendant's "willful concealment and destruction of the original witness statements" (id., p. 6). Such an inference is unreasonable, as a defendant's continued investigation after the filing of an EEOC charge and lawsuit is normal, reasonable conduct. Additionally, Gauvin stated that he did not even know about the April 2010 witness statements until the general manager's deposition in September 2011 (Doc. 21-2, ¶4).

Furthermore, the absence of this evidence is insufficient to raise a presumption of wrongdoing. Thus, it is equally likely that the evidence was lost or misplaced (see id., ¶7), which, of course, is not willful destruction of evidence. See Bashir v. Amtrak, 119 F.3d 929 (11th Cir. 1997) (mere negligence in losing or destroying evidence does not indicate bad faith).

Moreover, the plaintiff has failed to show that she has been prejudiced by the absence of this evidence. Eli Lilly and Co. v. Air Express Int'l USA Inc., 615 F.3d 1305, 1318 (11th Cir. 2010)(a party moving for sanctions must establish that the destruction of the evidence resulted in prejudice). To the contrary, the defendant points out that the plaintiff deposed Williams and Harrington, and has been granted an extension of time to depose Ruszkowski. Thus, the plaintiff has (or will have an opportunity to obtain) sworn testimony regarding these witnesses' knowledge of the incident.[2]

In sum, the plaintiff essentially argues that, because the defendant cannot produce the April 2010 witness statements, the defendant must have willfully destroyed them. The plaintiff, however, has failed to produce evidence supporting this inferential leap of serious misconduct, or show that it is prejudiced by the absence of this evidence.

Finally, the plaintiff has requested, under Federal Rule of Civil Procedure 37, an award of her expenses incurred in bringing the motion to

---

[2]Additionally, the defendant does not dispute that an assistant manager forwarded a cellular telephone photograph of the plaintiff scantily clad to other restaurant employees and a patron; rather, it disputes whether these facts state actionable tort claims and violations of Title VII and the FCRA (Doc. 21, p. 6).

compel (Doc. 19, p. 5).  However, the defendant has presented evidence that it has no additional documentation responsive to the discovery requests and, consequently, there is nothing to compel.  Accordingly, the motion will be denied, and an award of attorney's fees under Rule 37, F.R.Civ.P., is not warranted.  <u>See</u> Rule 37(a)(5)(A)(expenses awardable "if the motion is granted").

It is, therefore, upon consideration

ORDERED:

That the plaintiff's Motion to Compel Discovery (Doc. 19) be, and the same is hereby, **DENIED**.

DONE and ORDERED at Tampa, Florida, this ⟨1⟩4ᵗʰ day of October, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE